2 F.3d 1150
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Christopher R. VAN DE VELDE, Plaintiff-Appellee,
v.
Elmer F. JUSTICE; Remle, Incorporated; Justice Realty,
Incorporated, Defendants-Appellants.
Christopher R. VAN DE VELDE, Plaintiff-Appellant,
v.
Elmer F. JUSTICE; Remle, Incorporated; Justice Realty,
Incorporated, Defendants-Appellees.
 Nos. 92-2262, 92-2263.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 13, 1993.
Decided: August 13, 1993.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. M. J. Garbis, District Judge. (CA-88-3433-MJG)
 Argued: John Amato, IV, Goodman, Meagher & Enoch, Baltimore, Maryland, for Appellants.
 William T. Hangley, Hangley, Connolly, Epstein, Chicco, Foxman & Ewing, Philadelphia, Pennsylvania, for Appellee.
 On Brief: Ann Marie Donio, Hangley, Connolly, Epstein, Chicco, Foxman & Ewing, Philadelphia, Pennsylvania, for Appellee.
 D.Md.
 AFFIRMED.
 Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Christopher R. Van de Velde brought suit against realtor Elmer F. Justice and his real estate companies, Remle, Inc. and Justice Realty, Inc., seeking imposition of a constructive trust on certain real property purchased by Justice in alleged violation of his fiduciary duties to Van de Velde. After a bench trial, the district court imposed a constructive trust on the realty and ordered Justice to convey the realty to Van de Velde upon Van de Velde's payment to Justice of the purchase price plus interest. Justice appeals imposition of the constructive trust, and Van de Velde cross-appeals the order that he pay interest. We affirm.
 
 I.
 
 2
 At trial, the parties "presented two irreconcilable versions of the essential facts." Van de Velde testified that he was interested in purchasing a parcel of realty adjacent to a tract he owned and that he asked Justice to make inquiries concerning the purchase. Justice agreed to make the inquiries, but he failed to inform Van de Velde of his previous transactions concerning the parcel.* Justice informed Van de Velde that the parcel was owned by the Jacksons, who did not currently desire to sell the property. Van de Velde further testified that at his request Justice agreed to keep in touch with the Jacksons regarding a possible purchase of the property at a later date. Justice denied that he had ever discussed the parcel with Van de Velde. It was undisputed that subsequently Justice, through Remle, purchased the parcel for $80,000. When Van de Velde learned of the sale some months later he immediately filed suit.
 
 
 3
 The district court found that the issue of the parties' credibility was "not a close one"-Van de Velde was an "eminently credible witness" while Justice was "not credible." Thus, the district court found that Justice had agreed to act as Van de Velde's agent and had violated his fiduciary duties to Van de Velde. The district court therefore imposed a constructive trust on the parcel and ordered Justice to convey it to Van de Velde upon Van de Velde's payment to Justice of the $80,000 purchase price plus interest of $6,788.59. The district court further held that Van de Velde was not required to pay Justice a real estate commission or to reimburse Justice for taxes paid on the property. Justice appeals the imposition of the constructive trust and the denial of the taxes and commission, while Van de Velde cross appeals the payment of interest on the purchase price.
 
 II.
 
 4
 We conclude that the factual findings of the district court are not clearly erroneous and therefore may not be overturned. See Martin v. Deiriggi, 985 F.2d 129, 132 (4th Cir. 1993) ("The findings of fact entered by a district court are not to be set aside unless clearly erroneous."). Nor, as an appellate court, may we "substitute our judgment of the facts for that of the [trier of fact] or pass on the credibility of the witness." Murdaugh Volkswagen, Inc. v. First Nat'l Bank of S.C., 801 F.2d 719, 725 (4th Cir. 1986). Based on the facts as determined by the district court, we conclude that it properly imposed a constructive trust:
 
 
 5
 A constructive trust is the remedy employed by a court of equity to convert the holder of the legal title to property into a trustee for one who in good conscience should reap the benefits of the possession of said property. The remedy is applied ... where property has been acquired by fraud, misrepresentation, or other improper method, or where the circumstances render it inequitable for the party holding the title to retain it.
 
 
 6
 Wimmer v. Wimmer, 414 A.2d 1254, 1258 (Md. 1980). Moreover, we conclude that the district court properly decided the equitable issues raised concerning the payment of interest, taxes, and commission. Consequently, we affirm the judgment of the district court for the reasons articulated in its well-considered opinions. Van de Velde v. Justice, No. 88-3433 (D. Md. June 15, 1992; Sept. 16, 1992).
 
 AFFIRMED
 
 
 *
 In 1984, Remle had obtained an option to purchase the property for $80,000, but the option had expired. Thereafter, the owners of the property, the Jacksons, had authorized Justice Realty to sell the property